**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 11-4852**

---

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

        v.

JERRY LEE HAIRSTON, JR.,

             Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge. (1:10-cr-00360-WO-1)

---

Submitted: April 26, 2012          Decided:  April 30, 2012

---

Before GREGORY, AGEE, and WYNN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Ferris Ridgely Bond, BOND & NORMAN, Washington, D.C., for Appellant. Ripley Rand, United States Attorney, Robert A.J. Lang, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerry Lee Hairston, Jr., appeals from his 67-month sentence entered pursuant to his guilty plea to possession of a firearm by a convicted felon. After calculating a Sentencing Guidelines range of 84-105 months, the district court granted the Government's motion and Hairston's request for a twenty percent substantial assistance departure from the low end of the Guidelines range. Hairston now asserts for the first time that the district court erred in failing to consider his mental and emotional issues and in imposing a longer sentence than Hairston would have received in a district with a fast-track program. We affirm.

In determining the procedural reasonableness of a sentence, we must assess <u>inter alia</u> whether the district court failed to consider either the 18 U.S.C. § 3553(a) (2006) factors or any arguments presented by the parties. <u>United States v. Montes-Pineda</u>, 445 F.3d 375, 380 (4th Cir. 2006). Despite Hairston's allegations to the contrary, the record reveals that the district court considered Hairston's mental and emotional state, recommending psychological testing and requiring mental health treatment as a supervised release condition. The court appropriately weighed these factors against Hairston's criminal history and related concerns, and as such, Hairston's sentence was procedurally reasonable.

2

Next, Hairston alleges that his sentence was greater than necessary when compared to sentences for defendants participating in fast-track programs and, thus, substantively unreasonable.[*] If the sentence is within the appropriate Guidelines range, this court applies a presumption on appeal that the sentence is reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010). Such a presumption is rebutted only by showing "that the sentence is unreasonable when measured against the § 3553(a) factors." Montes-Pineda, 445 F.3d at 379. Here, after weighing the appropriate factors, the court concluded that, despite the fact that a longer sentence could be justified, a departure sentence starting from the low end of the Guidelines range was

---

[*] The fast-track program allows federal prosecutors to offer shorter sentences to defendants who plead guilty at an early stage in the prosecution and agree to waive appeal and other rights. See U.S. Sentencing Guidelines Manual § 5K3.1 (2010). Hairston asserts that the lack of a fast-track program is an appropriate ground on which to vary from a Guidelines sentence. Compare United States v. Jiminez-Perez, 659 F.3d 704, 710-11 (8th Cir. 2011) (disparity resulting from absence of fast-track program not excluded as sentencing factor); with United States v. Perez-Pena, 453 F.3d 236, 244 (4th Cir. 2006) (holding that the lack of a fast-track program is not a ground for a downward departure). Because Hairston did not raise this issue below, it is reviewed for plain error. See United States v. Strickland, 245 F.3d 368, 379 (4th Cir. 2001). Assuming without deciding that such a factor is an appropriate basis for a variance sentence, the court did not state that it lacked the authority to vary, and the court was not required to vary. See United States v. Mondragon-Santiago, 564 F.3d 357, 366 (5th Cir. 2009). As such, Hairston cannot show plain error.

appropriate.  Given our review of the record as a whole, we hold that Hairston has failed to overcome the appellate presumption that that his Guidelines sentence was reasonable.

Accordingly, we affirm Hairston's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED